IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FEDERAL INSURANCE CO., as subrogee :
of FULTON FINANCIAL CO., :
    Plaintiff : No. 1:10-CV-617
 :
  v. : (JUDGE CONNER)
 : (MAGISTRATE JUDGE PRINCE)
HANDWERK SITE CONTRACTORS, ET :
AL., :
    Defendants :

# **REPORT AND RECOMMENDATION**

**I. Procedural Background**

Pursuant to an Order entered on August 4, 2010 (Doc. 21), the Honorable Christopher C. Conner referred the Defendant's pending Motion to Dismiss and/or Motion to Stay Proceedings (Doc. 13) to the undersigned for the purpose of preparing a Report and Recommendation.

Plaintiff, Federal Insurance Company ("Federal"), as subrogee of Fulton Financial Company ("Fulton"), commenced this action by filing a complaint on March 13, 2010 pursuant to 28 U.S.C. § 1332(a) for negligence resulting from an explosion caused by a ruptured gas line. Named as Defendants are Handwerk Site

Contractors ("Handwerk") and UGI Utilities, Inc. ("UGI").[1]  On May 7, 2010, Defendant Handwerk filed a Motion to Dismiss or Stay Proceedings along with a Brief in Support (Docs. 13-14).  Plaintiff field a Brief in Opposition on May 28, 2010 (Doc. 18), to which Defendant filed a Reply on June 17, 2010.  (Doc. 20).  The matter is now ripe for disposition.  For the reasons that follow, it will be recommended that the Defendant's Motion to Dismiss/ Motion to Stay be denied.

**II. Factual Background**

Plaintiff Federal insured the property at 300 East Main Street, Hummelstown, Pennsylvania and Plaintiff Fulton held a mortgage lien on the property.  On May 21, 2008, while excavating the sidewalk in front of a building located at 300 East Main Street, a backhoe operated by Handwerk grabbed the underground gas pipe, causing gas to leak into the building at 300 East Main Street.  The building exploded minuted later.  Handwerk maintains that UGI shares responsibility for the explosion by negligently installing a lateral gas line less than 16 inches from the surface of the street and sidewalk.

Several cases have been filed in state court related to these facts.  Defendants presently assert that, under the landmark case of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), this court should

---

[1] Defendants have filed cross-claims against one another.

2

dismiss these proceedings, or in the alternative, stay the case in deference to the related proceedings in the Court of Common Pleas of Dauphin County.

**III. Standard of Review**

The United States Supreme Court has long rejected the rigid proposition that abstention is a technical rule of equity procedure. *See* Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 718 (1996). The Supreme Court, rather, has held that "the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." Id. A defendant, as the party seeking abstention, bears the burden of showing that abstention is the appropriate course. *Cf*. Colo. River, *supra* at 814 (1976) ("The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it"); Sheerbonnet v. American Express Bank, Ltd., 17 F.3d 46, 49 (2d Cir. 1994) (given "the virtually unflagging obligation of the federal courts" to exercise jurisdiction where warranted, a defendant seeking abstention faces a heavy burden). "Consequently, any potential shortcomings of – or any potential errors in – Plaintiff['s] position advocating against abstention cannot reduce or otherwise affect Defendant['s] burden of establishing that this court should refrain from

3

resolving this matter." Animal Science Products, Inc. v. China Nat. Metals & Minerals Import & Export Corp., — F.Supp.2d —, 2010 WL 1324918, *8 (D.N.J. April 1, 2010).

**IV. Discussion**

*(A) Abstention*

"A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005) (citing Younger v. Harris, 401 U.S. 37 (1971)). The Supreme Court has recognized, however, that abstention is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959); Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982).

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United

States, 424 U.S. 800, 817 (1976) (citation omitted). Thus, generally, "the pendency of an action in . . . state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction . . . ." Id. (citation omitted). Nonetheless, when there are concurrent state proceedings, in "exceptional" circumstances, a district court may stay or dismiss a case for reasons of "wise judicial administration." Id. at 817-18.

The Third Circuit Court of Appeals has outlined the doctrine of abstention as applicable to four situations: (1) "cases that present federal constitutional issues that might be mooted or presented in a different posture by a state court determination of pertinent state law," *see* R.R. Comm'r v. Pullman Co., 312 U.S. 416 (1941); (2) "cases that present difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case at bar," *see* Burford v. Sun Oil Co., 319 U.S. 315 (1943); (3) "cases in which federal jurisdiction has been invoked for the purpose of restraining valid, good faith state criminal proceedings," *see* Younger*, supra* (1971); and (4) "cases in which abstention might be proper out of respect for considerations of [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," *see* Colorado River, 424 U.S. at 800; IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 305 (3d Cir.

2006) (quotations and citations drawn from opinion). Of the four potential types of abstention, the fourth, Colorado River abstention, is relevant here.

Under the Colorado River abstention doctrine, the court must apply a two-part test: first, the court must determine whether the actions in the state and federal fora are parallel, and second, the court must perform a balancing of interest considering a number of factors in order to determine whether there exist exceptional circumstances to justify abstention.

*1. Are the state and federal proceedings parallel?*

For a district court to even entertain abstention there must be a contemporaneous, parallel judicial proceeding. IFC Interconsult, 438 F.3d at 306; Colorado River, 424 U.S. at 800. The proceedings must have substantial similarity of parties, claims, and time. IFC Interconsult, 438 F.3d at 306. "Parallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" Yang v. Tsui, 416 F.3d 199, 205 (3d Cir. 2005) (quoting Timoney v. Upper Merion Twp., 66 Fed. Appx. 403, 405 (3d Cir. 2003)).

In the present case, the contemporaneous state and federal actions may share the same defendants but other parties to the actions are not necessarily

duplicative.[2] Moreover, while the cases all arise from the same facts regarding the explosion from a gas leak, other factors may differentiate the causes of action–some of the claims may raise issues of lost revenue from a business, bodily injury, property damage or breach of contract. In that regard, the state and federal actions would be different. However, element of time is satisfied inasmuch as the actions are proceeding contemporaneously. Based on these determinations, the state and federal actions, although related, are not parallel for purposes of the Colorado River abstention doctrine. Nonetheless, even if the court were to determine the actions are parallel, additional factors must be balanced to determine if abstention is justified.

   2.     *Colorado River factors*

Because the presence of duplicative litigation, without more, cannot constitute exceptional circumstances, "Colorado River abstention must be grounded on more than just the interest in avoiding the duplicative litigation." Spring City Corp. v. American Buildings Co., 193 F.3d 165, 171-72 (3d Cir. 1999). When considering whether there are exceptional circumstances, the court

---

[2] The court is cognizant of the state action Kulina/Durdock (No. 2010-CV-1519) cited by Defendant, in which plaintiffs seek to recover for damages to the 300 East Main Street property. Although the instant case seeks a similar recovery, it is limited to the insurance on the mortgage. Consequently, the actions are not duplicative for abstention purposes.

must weigh six factors to ascertain whether abstention is warranted. These inquiries are: (1) which court first assumed jurisdiction over the property involved, if any; (2) the inconvenience of litigating in federal court; (3) the desirability of avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the parties' interests. Each of these will be addressed *in seriatim.*

### a. Which court first assumed jurisdiction over the property?

Both parties concede that, inasmuch as none of the litigation concerns *in rem* proceedings, this factor is neutral.

### b. The inconvenience of litigating in federal court

As to the second factor, Defendant observes that the federal courthouse in Harrisburg, Pennsylvania is but one (1) block from the Dauphin County Courthouse. Thus, the fora are equally convenient. Plaintiff maintains that this does not result in a neutral conclusion on this factor as Defendant asserts. Rather, given "the Colorado River presumption in favor of exercising jurisdiction, [e]qual convenience is not neutral; it weighs against issuing a stay because it means that litigating in federal court is not inconvenient. U.S. Claims, Inc. v. Smolar, 574 F.Supp.2d 487, 490 (E.D. Pa. 2008). Defendant, citing both Third Circuit and

Supreme Court rulings, contends that the holding of Smolar is inapposite. *See* BIL Management Corp. v. New Jersey Economic Development Authority, 310 Fed. Appx. 490 (3d Cir. 2008) ("[T]he equal convenience of the two fora is a neutral, or non-existent, factor") (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 19 (1983) (noting that where both fora are convenient, the second factor is "not present")). These holdings, however, are not necessarily in contradiction to one another. Rather, Smolar suggests that if the moving party does not establish inconvenience, or the non-moving party demonstrates that neither forum is more or less convenient, this factor weighs neither in favor or against either side. Given the affirmative burden on the movant to establish the factors to support abstention, however, a neutral determination, or a "draw," will not support its position. To state it another way: if the factor does not weigh in favor of abstention, it weighs against it given the presumption of retaining jurisdiction. Consequently, the second factor favors Plaintiff's position of the district court retaining its jurisdiction over the matter.

   *c. Avoiding piecemeal litigation*

 The mere existence of concurrent state-federal litigation will not satisfy Colorado River 's "piecemeal adjudication" test. Colorado River at 817 ("the pendency of an action in the state court is no bar to proceedings concerning the

9

same matter in the Federal court having jurisdiction...."). The " 'avoidance of piecemeal litigation' " factor is met . . . only when there is evidence of a strong federal policy that all claims should be tried in the state courts. *See* Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Comm'n, 791 F.2d 1111, 1118 (3d Cir. 1986) (denying abstention, *inter alia*, because "the PUC has not pointed to any Congressional legislation like the McCarran Amendment in Colorado River that evinces 'a tempering of the policy of enforcing the plaintiff's choice of a federal forum in favor of a policy of avoiding duplicative or inconvenient litigation.' " (quoting Harris v. Pernsley, 755 F.2d 338, 345 (3d Cir. 1985) (similar))). Indeed, "[t]he general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." University of Maryland v. Peat Marwick Main & Co., 923 F.2d 265, 275-76 (3d Cir. 1991).

Defendant has not identified such a policy here to warrant abstention. While it observes the importance of consolidation of separate cases to avoid multiple court proceedings and to reduce costs to the parties, the court is unable to conclude that such a course of action in the present matter will benefit any parties other than Handwerk and UGI. To expect Plaintiff to participate in the pleadings,

discovery, motions and trial of eight cases[3] that may only be tangentially relevant to its action herein would be unjust.  Accordingly, the court finds that this element does not favor abstention.

### *d. Which court first obtained jurisdiction?*

The fourth factor – the order in which jurisdiction was obtained – does not turn upon "which complaint is filed first, but rather [on] ... how much progress has been made in the two actions." Moses H. Cone, 460 U.S. at 21.  It is worth noting that the first state court action was filed on October 16, 2009 and reinstated on December 11, 2009.  The Kulina/Durdock action, which Defendant asserts is most similar to the present action, was filed on February 16, 2010.  Plaintiff commenced the instant matter on March 19, 2010.  At the time the present Motion was filed, the state court actions had proceeded with Answers, Amended Complaints, New Matters, Counterclaims and Preliminary Objections.  In the present case, initial disclosures and a Rule 16 scheduling conference have already occurred.  The actions are similarly situated as far as progress being made, as neither has developed far ahead or behind the other.  Moreover, only a few months elapsed between the filing of all cases. Consequently, this factor weighs neither strongly in favor or against abstention.

---

[3] *See* Doc. 20, p. 1-2.

### *e. Does federal or state law control?*

The parties agree that the district court's jurisdiction is based on diversity. *See* 28 U.S.C. §1332. Pennsylvania state law governs the substance of the claims of negligence. While Plaintiff contends that the presence of state law, without more, cannot justify abstention, *see* Ryan v. Johnson, 115 F.3d 193, 199 (3d Cir. 1997) (citing Moses H. Cone, *supra* at 26), Defendant argues that the presence of solely state law "carries some weight in the abstention analysis." BIL Management Co., *supra* at 493 (citing Moses H. Cone, *supra* at 26). The Third Circuit Court of Appeals has upheld the holding in Ryan that "while the presence of federal issues militates against abstention, the converse cannot be said; abstention cannot be justified merely because a case arises entirely under state law." McMurray v. De Vink, 27 Fed. Appx. 88, 93-94 (3d Cir. 2002) (finding that defendants were not entitled to a stay of proceedings because "application of state law is not as important where, as here, the federal forum is adequate to protect the parties' rights. It is a far more important consideration when the state court is an inadequate forum to protect the rights of the litigants.") (quoting Ryan at 199 (finding that abstention was not appropriate in negligence suit involving state law claims)); Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 172 (3d Cir.

12

1999) (finding that while only state law issues were raised, "nothing in the present case . . . constitutes the 'exceptional circumstances' that would warrant abstention under Colorado River.").

This factor clearly weighs in favor of Defendant and of abstention. Given the law in this Circuit, however, the court concludes that the presence of only state law claims, without more, cannot justify abstention. Indeed, to hold otherwise would suggest that a diversity case raising claims exclusively under state law would mandate an abstention or a stay. Accordingly, if coupled with other factors whose analysis supports the district court relinquishing jurisdiction, abstention could be warranted.

### *f. Will the state court will adequately protect the parties' interests?*

As to the sixth factor, there is no reason to concluded that the interests of the parties will not be adequately considered either by this court or before the state tribunal. While suggesting this favors abstention, this factor is of limited significance. *See* Spring, 193 F.3d at 172 ("[T]he question whether parties' interests are protected is only relevant when they are not; that is, 'when the state court is adequate, . . . [this] factor carries little weight.' ") (quoting Ryan, 115 F.3d at 199, 200).

Therefore, in considering the factors overall, there is nothing exceptional

13

which would warrant abstention in light of the "virtually unflagging obligation" to exercise jurisdiction of this case. *See* Colorado River, 424 U.S. at 817.

*(B) Stay of Proceedings*

Defendant argues, in the alternative, that if the court determines that the abstention is not the appropriate course of action, a stay of the proceedings is warranted. The standard for staying a case under Colorado River is identical to the standard for abstaining and dismissing a case under Colorado River. *See* Spring City Corp., *supra* at 171 (3d Cir. 1999). As noted above, while the present action arises out of the same facts giving rise to the related state court actions, the issued raised herein are separate and distinct enough that these proceedings will have little, if any, impact on the progression of the state court cases. Although it may be more convenient to stay this matter pending the resolution of the other cases from the Defendant's perspective, such a reason is insufficient to justify a stay of this action. The court does not foresee an undue burden resulting from the simultaneous pursuit of all actions. Moreover, Plaintiff is entitled to the prompt and swift disposition of its case without being delayed by the resolution of other actions which have questionable bearing to it. As the explained above, Colorado River abstention is inappropriate in this case; therefore, staying this case is also inappropriate. Lin v. Green Brook Nails, LLC, No. 09-CV-5579, 2010 WL

891620, *4 (D.N.J. March 10, 2010). Consequently, the court concludes that the Motion to Stay should be denied.

**V. Recommendation**

Based on the foregoing, it is respectfully recommended that Defendant's Motion to Dismiss/Motion to Stay (Doc. 13) be denied.

Date: August 31, 2010            <u>s/ William T. Prince</u>
William T. Prince
United States Magistrate Judge