# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY,** as subrogee of **FULTON FINANCIAL CORPORATION** : : : : | **CIVIL ACTION NO. 1:10-cv-00617** |
| **Plaintiff,** : : : | **(Judge Conner)** |
| v. : : | |
| **HANDWERK SITE CONTRACTORS,** and **UGI UTILITIES, INC.** : : : | |
| **Defendants** : | |

## ORDER

AND NOW, this 15th day of April, 2013, upon consideration of defendant Handwerk Site Contractors' ("Handwerk") motion in limine (Doc. 116) to exclude OSHA regulation 29 C.F.R. § 1926.651 and the Pennsylvania One Call System, Inc. User's Guide, pursuant to Federal Rules of Evidence 401 and 403, and it appearing that 29 C.F.R. § 1926.651[1] is relevant and material to the standard of care to which defendant Handwerk should be held, see FED. R. EVID. 401 (providing that "evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action"), and that there are no concomitant risks of unfair prejudice, confusion, delay, or efficiency that outweigh the regulation's probative value, see FED. R. EVID. 403, and it further appearing that the Pennsylvania One

---

[1] C.F.R. § 1926.651 reads in relevant part, "[w]hen excavation operations approach the estimated location of underground installations, the exact location of the installations shall be determined by safe and acceptable means."

Call System, Inc. User's Guide includes an express disclaimer of its use as a legal reference, and of its accuracy,[2] and thereby carries a risk of misleading the jury that substantially outweighs its probative value to demonstrate Handwerk's standard of care, see id., it is hereby ORDERED that:

---

[2] The Pennsylvania One Call System, Inc. User's Guide states in relevant part:

> This Guide has been prepared as an educational document for contractors, designers, operators, project owners, and facility owners. It is intended as a reference tool for interactions with the Pennsylvania One Call System ("POCS"). It is also intended to explain in a general way the requirements provided for in Pennsylvania's Utility Line Protection Act, Act 287 of 1974, as amended by Act 181 of 2006 (the "Act"). It is strongly recommended that all individuals who regularly contact "POCS" review the Act and this Guide. Familiarity with its contents will be valuable, but the Guide is meant to clarify and explain the law according to POCS' understanding of how it affects interaction with POCS. This Guide is not a substitute for the Act and it does not relieve anyone from discharging their responsibilities as set forth in the Act or as otherwise required by law.
>
> This Guide and the reporduction of the Pennsylvania Undergroudn Utility Line Prevention Act are provided solely as a convenience for the person or persons requesting it, and are not to be used as legal reference documents. Every effort has been made to reproduce the applicable sections of the Pennsylvania Underground Utility Line Prevention Act. However, neither POCS nor any officer, director, employee, or agent of the above-named entity, makes any representations nor warranties, express or implied, as to the accuracy of this publication. POCS assumes no responsibliity for the acts or conduct of any user of this Guide. Neither POCS nor any officer, director, employee or agent shall have any liability for any damage (including, without limitation, indirect or consequential damages) to any person or property resulting from the use of this Guide or reliance on any information contained herein.

1. Handwerk's motion in limine (Doc. 116) to exclude OSHA regulation 29 C.F.R. § 1926.651 and the Pennsylvania One Call System, Inc. User's Guide is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED with respect to the Pennsylvania One Call System, Inc. User's Guide <u>ONLY</u> to the extent that it may be referenced or utilized to demonstrate the standard of care to which Handwerk should be held;

    b. The motion is DENIED with respect to OSHA regulation 29 C.F.R. § 1926.651.

                  <u>S/ Christopher C. Conner</u>
                  CHRISTOPHER C. CONNER
                  United States District Judge